IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BYRON D. PINKARD,<br>    Plaintiff | * | |
| | * | |
| v. | | CIVIL ACTION NO. DKC-06-2660 |
| | * | |
| ELIGAH HENDING,<br>    Defendant | * | |
| | ******* | |
| BYRON D. PINKARD,<br>    Plaintiff | * | |
| | * | |
| v. | | CIVIL ACTION NO. DKC-06-2669 |
| | * | |
| PRESIDENT GEORGE W. BUSH,<br>    Defendant | * | |
| | ******* | |
| BYRON D. PINKARD,<br>    Plaintiff | * | |
| | * | |
| v. | | CIVIL ACTION NO. DKC-06-2670 |
| | * | |
| RICHARD CHANEY,<br>    Defendant | * | |
| | ******* | |
| BYRON D. PINKARD,<br>    Plaintiff | * | |
| | * | |
| v. | | CIVIL ACTION NO. DKC-06-2671 |
| | * | |
| CONDOLEEZA RICE,<br>    Defendant | * | |
| | ******* | |
| BYRON D. PINKARD, | * | |

|  |  |  |
|---|---|---|
| Plaintiff | | |
| | * | |
| v. | | CIVIL ACTION NO. DKC-06-2672 |
| | * | |
| MICHAEL BLOOMBERG, | | |
|     Defendant | * | |
| | ******* | |

|  |  |  |
|---|---|---|
| BYRON D. PINKARD, | * | |
|     Plaintiff | | |
| | * | |
| v. | | CIVIL ACTION NO. DKC-06-2673 |
| | * | |
| ODELE PEARSON, | | |
|     Defendant | * | |
| | ******* | |

|  |  |  |
|---|---|---|
| BYRON D. PINKARD, | * | |
|     Plaintiff | | |
| | * | |
| v. | | CIVIL ACTION NO. DKC-06-2674 |
| | * | |
| NINA HENDING, | | |
|     Defendant | * | |
| | ******* | |

## MEMORANDUM

On October 11, 2006, Byron D. Pinkard filed seven identical pro se complaints wherein he alleges that the named Defendants are involved in abuse of animals. He states that "[t]he abuses include torture, mutilation, and other activities involving dark arts." He further states that the tortured animals are then put in his path in an effort to intimidate him. He states that he has been economically injured by taking time to care for injured animals which are placed on the road to make their injuries appear accidental. Paper No. 1. Plaintiff seeks compensatory damages and "the release of relevant records, including FBI, Secret Service, travel, etc." *Id.* Plaintiff seeks leave to proceed in forma paupers (Paper No. 2) which shall be granted.

The facts alleged in these complaints, which are consolidated for the purpose of initial review, are bizarre and delusional. A complaint that is totally implausible or frivolous may be dismissed *sua sponte* for lack of subject matter jurisdiction pursuant to Fed R. Civ. P. 12 (b)(1). *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *see also  Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative). Accordingly, these complaints are dismissed for lack of subject matter jurisdiction. A separate order follows.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

<u>November 3, 2006</u>
Date